[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition in the form of a writ of mandamus alleging that the respondent has denied him his statutory good time under the provisions of Conn. Gen. Stat. § 18-7a(c). The dispute appears to arise by the methodology used to calculate credits in the reduction of his sentence. There appears to be agreement as to the amount of jail and jail good time credit, Outstanding meritorious Good Time, seven day job credit, forfeited good time and sentences and date of sentences. Since no mittimuses have been submitted to the court I have taken the liberty of using the sentencing history as set forth in the affidavit submitted to the court by the respondent's Records Specialist II, Michelle Deveau and applied calculations against the respondent's time sheet of the petitioner, both of which documents are attached hereto.
The petitioner was originally sentenced on February 21, 1991 to a term of twelve (12) years suspended after six (6) years with a period of probation on docket CR-90-47879. On November 28, 1995 the petitioner was sentenced on a violation of probation on docket CR-90-47879 for the unexpired term of six (6) years. On that same date he was sentenced on three additional dockets, CR-95-110079, CR-95-69730 and CR-94-66911, each to a term of ten (10) years suspended after two (2) years to be served currently with each other but consecutive to the six (6) year sentence of CR-90-47879. Both parties agree that the two (2) year portion of the petitioner's sentence being a conviction for a crime subsequent to October 1, 1994, the petitioner is subject to supervision until the expiration of the maximum term for which he was sentenced pursuant to Conn. Gen. Stat. § 18-100d and is not entitled to any good time credits. Since the sentence for the violation of probation relates back to the sentence imposed on February 21, 1991 it is not subject to Conn. Gen. Stat. §18-100d. However being a sentence imposed after July 1, 1983 the statutory good time received is pursuant to 18-7a(c). Seno v.Commissioner, 219 Conn. 269, 276. Conn. Gen. Stat. § 18-7a(c) provides that the inmate will receive a sentence as such sentenceis served. Accordingly, the good time credits are calculated into the sentence as a sentence reduction when the inmate earns the CT Page 5741 credit for good behavior from month to month. Nichols v. Warren,209 Conn. 191, 197. Applying this methodology to the petitioner's time sheet indicates no error. Apparently the petitioner's attempt to multiply a sample year of credits by five (5) years does not account for his lack of confinement for a period of July 23, 1994 to June 20, 1995.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee